AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| Jose Barriera-Vera<br>_Petitioner_<br>v.<br>Warden, FCI Coleman Low<br>_Respondent_<br>_(name of warden or authorized person having custody of petitioner)_ | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. _____<br>) _(Supplied by Clerk of Court)_<br>)<br>)<br>) |

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1. (a) Your full name: Jose Barriera-Vera
   (b) Other names you have used:
2. Place of confinement:
   (a) Name of institution: FCI Coleman Low
   (b) Address: 846 NE 54th Terrace
   Sumterville, FL 33521
   (c) Your identification number: 48904-018
3. Are you currently being held on orders by:
   ☑ Federal authorities  ☐ State authorities  ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
     If you are currently serving a sentence, provide:
       (a) Name and location of court that sentenced you: U.S. District Court for the Middle District of Florida
       (b) Docket number of criminal case: 8:06-cr-396-SCB-TGW
       (c) Date of sentencing: 04/22/2009
   ☐ Being held on an immigration charge
   ☐ Other _(explain)_:

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☑ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other *(explain)*: 

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: U.S. District Court for the Middle District of Florida

   (b) Docket number, case number, or opinion number: 8:06-cr-396-SCB-TGW
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
   Conviction and sentence under 18 U.S.C. 924(c) (Count 4)

   (d) Date of the decision or action:

### Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☑ Yes          ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: U.S. Court of Appeals for the Eleventh Circuit

       (2) Date of filing: 10/29/2007
       (3) Docket number, case number, or opinion number: 07-13908
       (4) Result: Rev'd JOA, reinstated verdict (Counts 3 & 4); remanded for resentencing; aff'd cross-app.
       (5) Date of result: 12/15/2008
       (6) Issues raised: The government appealed the Court's decision to grant a judgment of acquittal on Counts 3 and 4.  Mr. Barriera-Vera cross-appealed, arguing he was entitled to a new trial in the event the judgments of acquittal were vacated.

   (b) If you answered "No," explain why you did not appeal:

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☑ Yes          ☐ No

(a) If "Yes," provide:
   (1) Name of the authority, agency, or court: U.S. Court of Appeals for the Eleventh Circuit
   (2) Date of filing: 04/28/2009
   (3) Docket number, case number, or opinion number: 09-12215
   (4) Result: Affirmed
   (5) Date of result: 12/01/2009
   (6) Issues raised: Mr. Barriera-Vera challenged his sentence on the grounds that (i) mandatory consecutive sentences were not required for each of the 18 U.S.C. § 924(c) counts, and (ii) his sentence was procedurally and substantively unreasonable.

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☑ Yes    ☐ No

(a) If "Yes," provide:
   (1) Name of the authority, agency, or court: U.S. Court of Appeals for the Eleventh Circuit
   (2) Date of filing: 12/31/2016
   (3) Docket number, case number, or opinion number: 17-10029
   (4) Result: Granted summary affirmance and affirmed Order dismissing 28 U.S.C. 2255 motion
   (5) Date of result: 04/02/2019
   (6) Issues raised: A certificate of appealability was granted on these issues: (1) Whether the district court erred in dismissing 2255 motion as untimely under 2255(f)(3) on the ground that Samuel Johnson v. United States, 135 S. Ct. 2551 (2015), does not apply to 924(c), and (2) Whether the 924(c) conviction predicated on attempted armed bank robbery is now unconstitutional based on Samuel Johnson.

(b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?
☑ Yes    ☐ No

If "Yes," answer the following:
(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
   ☑ Yes    ☐ No

If "Yes," provide:
(1) Name of court: U.S. District Court for the Middle District of Florida
(2) Case number: 8:23-cv-1333-SCB-TGW
(3) Date of filing: 06/13/2023
(4) Result: Pending
(5) Date of result:
(6) Issues raised: Mr. Barriera-Vera's conviction on Count 4 under 18 U.S.C. 924(c) is invalid and unconstitutional.

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☑ Yes    ☐ No

If "Yes," provide:
(1) Name of court: U.S. Court of Appeals for the Eleventh Circuit
(2) Case number: 23-11517
(3) Date of filing: 05/08/2023
(4) Result: Granted
(5) Date of result: 05/22/2023
(6) Issues raised: Mr. Barriera-Vera's conviction on Count 4 under 18 U.S.C. 924(c) is invalid and unconstitutional.

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: This petition is being filed pending the Supreme Court's decision in Jones v. Hendrix, No. 21-857.

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?
☐ Yes    ☑ No

If "Yes," provide:
(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes    ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

      If "Yes," provide:
      (1) Date of filing:
      (2) Case number:
      (3) Result:
      (4) Date of result:
      (5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes        ☐ No
If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:
(4) Result:
(5) Date of result:
(6) Issues raised:

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes        ☒ No
If "Yes," provide:
(a) Kind of petition, motion, or application: Please see Question 10.
(b) Name of the authority, agency, or court:
(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Mr. Barriera-Vera's conviction on Count 4 under 18 U.S.C. 924(c) is invalid and unconstitutional

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
The predicate for the 924(c) conviction--attempted bank robbery (Count 3)--is not a crime of violence under the elements clause. United States v. Taylor, 142 S. Ct. 2015 (2022); Doc. 51, Trubey v. United States, No. 8:16-cv-1737-SCB (M.D. Fla. Jan. 10, 2023). And the Supreme Court has held that 924(c)'s residual clause is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319 (2019). Mr. Barriera-Vera's conviction and sentence on Count 4 are therefore invalid and unconstitutional and should be vacated.

(b) Did you present Ground One in all appeals that were available to you?
❏ Yes          ❏ No

**GROUND TWO:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
❏ Yes          ❏ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
❏ Yes          ❏ No

**GROUND FOUR**:

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
❏ Yes          ❏ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

## Request for Relief

15. State exactly what you want the court to do:  vacate the conviction and sentence on Count 4; and because Mr. Barriera-Vera has long overserved the sentences imposed on the remaining counts, to release him.

The Court appointed the Federal Defender's Office following the Supreme Court's decision in Taylor.

See Doc. 140 (No. 8:06-cr-396-SCB-TGW).

Respectfully submitted,
A. Fitzgerald Hall, Esq., Federal Defender
M. Allison Guagliardo, Esq., Assistant Federal Defender

Date: 06/20/2023

/s/ M. Allison Guagliardo
*Signature of Attorney or other authorized person, if any*

Assistant Federal Defender
Florida Bar No. 0800031
400 N. Tampa Street, Suite 2700
Tampa, FL 33602
Tel:  813-228-2715

**Jose Barriera-Vera**
**28 U.S.C. § 2241 Petition**
**Additional Pages**

**Question 10**

Motions under 28 U.S.C. § 2255

U.S. District Court for the Middle District of Florida
Case No. 8:11-cv-207-SCB
Date of Filing: 1/31/2011
Result: Denied
Date of result: 4/19/2011
Issues raised:

      In his 2255 motion, Mr. Barriera-Vera argued that his constitutional rights were violated because the jury was not informed a "second or subsequent" conviction under 924(c) (Count 4) would increase his sentence by an additional 25 years; counsel had been ineffective because he was actually innocent of attempted robbery (Count 3) and counsel had failed to raise this claim on direct appeal; and the claim (unaddressed) that he was convicted of a nonexistent offense in Count 4. In his Fed. R. Civ. P. 59(e) motion, Mr. Barriera-Vera argued that counsel was ineffective for failing to challenge the veracity of an anonymous tip to the police regarding the attempted robbery; counsel was ineffective for failing to challenge, on confrontation grounds, information provided by the anonymous source; and he was actually innocent of the crimes charged in Counts 3 and 4 because evidence was insufficient and counsel was ineffective for failing to raise on appeal.

U.S. Court of Appeals for the Eleventh Circuit
Appeal No. 16-13523
Date of Filing: 6/13/2016
Result: Granted leave to file second/successive § 2255 motion as to Count 4, but
     denied as to Count 2
Date of result: 6/30/2016
Issues raised:

      Mr. Barriera-Vera applied for leave to challenge his 18 U.S.C. § 924(c) convictions in light of *Samuel Johnson v. United States*, 576 U.S. 591 (2015).

U.S. District Court for the Middle District of Florida
Case No. 8:16-cv-2187-SCB
Date of Filing: 7/28/2016
Result:  Dismissed as untimely, § 2255(f)(3), because *Samuel Johnson* provided no relief from § 924(c) conviction
Date of result: 11/4/2016
Issues raised:

Mr. Barriera-Vera's conviction on Count 4 under § 924(c) violated due process, in light of *Samuel Johnson*.
Appeal – Please see Question 9.

Fed. R. Civ. P. 60(b) motion

U.S. District Court for the Middle District of Florida
Case No. 8:06-cr-396-SCB
Date of Filing: 7/26/2021
Result: Denied
Date of result: 7/29/2021
Issues raised:

The government's notice of appeal from the district court's judgment of acquittal on Counts 3 and 4 was untimely filed.  The untimely notice of appeal divested the Eleventh Circuit of jurisdiction.  Nonetheless, the court of appeals vacated the district court's judgment of acquittal on Counts 3 and 4.  Mr. Barriera-Vera was then sentenced on Counts 3 and 4 to 384 months in total.